UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DANIEL WAYNE PARRIS, ) | Civil Action No.: 4:20-cv-02740-TER |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| -vs- ) | |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for child disability benefits and supplemental security income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This action is proceeding before the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. Proc. R. 73.

### I.  RELEVANT BACKGROUND

**A.    Procedural History**

Plaintiff filed an application for child's DIB and SSI in July and August 2012, alleging disability beginning March 31, 1991, his date of birth.  His claims were denied initially and upon reconsideration.  Thereafter, Plaintiff filed a request for a hearing. A hearing was held on February 24, 2015, at which time Plaintiff testified.  (Tr. 60).   On July 7, 2015, a supplemental hearing was held.  (Tr. 45).   The Administrative Law Judge (ALJ) issued an unfavorable decision on July 28,

---

[1] Recently, Kilolo Kijakazi became the Acting Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), she is automatically substituted for Defendant Andrew Saul who was the Commissioner of Social Security when this action was filed.

2015, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 14-39). Plaintiff filed a request for review of the ALJ's decision, which the Appeals Council denied on November 10, 2016. (Tr. 1-5). Plaintiff filed an action in this court in December 2016. The undersigned recommended remand based on the ALJ failing at least to identify the apparent conflict of frequent depth perception and further erred by not having asked the VE for an explanation resolving any conflict. The district judge reviewed objections by the Commissioner and found the ALJ's failure to elicit any testimony regarding whether the VE's testimony conflicted with the DOT and the ALJ's failure to resolve conflicts did not allow the court to conduct a meaningful review of the ALJ's decision. (Tr. 528). On July 23, 2019, another hearing was held. (Tr. 427). The ALJ issued another unfavorable decision on August 28, 2019, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 416). Plaintiff filed exceptions to the ALJ's decision. The Appeals Council found no reason to assume jurisdiction. (Tr. 368). On July 27, 2020, Plaintiff filed this action. (ECF No. 1).

**B.      Plaintiff's Background and Medical History**

Plaintiff was born on March 31, 1991 and was zero years old on the alleged onset date. (Tr. 414). Plaintiff has no past relevant work. (Tr. 414). Plaintiff initially alleged disability only due to vision impairments. (Tr. 104). Plaintiff alleged he was blind in the left eye and had low vision in the right eye. (Tr. 118). Plaintiff later alleged mental impairments.

**C.      The ALJ's Decision**

In the decision of August 28, 2019, the ALJ made the following findings of fact and conclusions of law  (Tr. 416):

1.     Born on March 31, 1991, the claimant had not attained age 22 as of March

       31, 1991,the alleged onset date (20 CFR 404.102, 416.120(c)(4) and 404.350(a)(5)).

2.    The claimant has not engaged in substantial gainful activity since March 31, 1991, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.    The claimant has the following combination of severe impairments: loss of visual acuity, affective disorder, and anxiety disorder (20 CFR 404.1520(c) and 416.920(c)).

4.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.    After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: no use of moving machinery or exposure to unprotected heights; limited to occupations requiring only occasional depth perception; and not requiring the ability to read fine print, or drive an automobile; work is limited to simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple, work-related decisions; and with few, if any, work place changes; capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; the individual can perform simple tasks for two hour blocks of time with normal rest breaks during an eight hour workday.

6.    The claimant has no past relevant work (20 CFR 404.1565 and 416.965).

7.    The claimant was born on March 31, 1991 and was 0 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8.    The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.    Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968).

10.   Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569,

        404.1569a, 416.969, and 416.969a).

11.    The claimant has not been under a disability, as defined in the Social Security Act, from March 31, 1991, through the date of this decision (20 CFR 404.350(a)(5), 404.1520(g) and 416.920(g)).

## II. DISCUSSION

Plaintiff argues the ALJ erred in the RFC determination by not explaining how the finding of a moderation limitation in ability to maintain concentration, persistence, and pace was accounted for in the RFC of "simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple, work-related decisions; and with few, if any, work place changes; capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; the individual can perform simple tasks for two hour blocks of time with normal rest breaks during an eight hour workday," where such breaks are normal work breaks and argues thus there was no accommodation. Plaintiff argues the ALJ erred in evaluating the opinions of Dr. Davis, Dr. Loring, and Dr. Warren. The Commissioner argues the decision was supported by substantial evidence.

**A.    LEGAL FRAMEWORK**

    **1.    The Commissioner's Determination–of–Disability Process**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months. 42 U.S.C. § 423(d)(1)(A).

4

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[2] (4) whether such impairment prevents claimant from performing PRW;[3] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is

---

[2] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[3] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2.     The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d

846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence as a threshold is "not high;" "[u]nder the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

**B.     ANALYSIS**

<u>**RFC**</u>

Plaintiff argues the ALJ erred in the RFC determination by not explaining how the finding of a moderation limitation in ability to maintain concentration, persistence, and pace was accounted for in the RFC of "simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple, work-related decisions; and with few, if any, work place changes; capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; the individual can perform simple tasks for two hour blocks of time with normal rest breaks during an eight hour workday," where such breaks are normal work breaks and argues thus there was no accommodation.

An adjudicator is solely responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c). In making that assessment, he must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96–8p, 1996 WL 374184, at *2. This ruling provides that: "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." SSR 96–8, *7. "The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* Additionally, " 'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.' " *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (*quoting Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). The ALJ considers the evidence in the record as a whole when analyzing Plaintiff's claims, as does this court when reviewing the ALJ's decision. *See Craig*, 76 F.3d at 595.

Under *Mascio*, once an ALJ has made an earlier finding that a claimant suffers from moderate difficulties in concentration, persistence, or pace, the ALJ must either include a corresponding limitation in the RFC assessment or explain why no such limitation is necessary. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). The Fourth Circuit held that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the RFC or the hypothetical question to the vocational expert to simple, routine tasks or unskilled work. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). "As Mascio points out, the ability to perform simple tasks differs from the ability to stay on task. Only the latter would account for a claimant's

limitation in concentration, persistence, or pace." *Id.* The functional area of "concentration, persistence and pace" refers to the "ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate" completion of work. 20 C.F.R. pt. 404, Subpart P, App. 1 § 12.00(c)(3).

While the RFC here contains the additional limitation that Plaintiff was limited to "simple, routine, and repetitive tasks; performed in a work environment free of fast-paced production requirements; involving only simple, work-related decisions; and with few, if any, work place changes; capable of learning simple vocational tasks and completing them at an adequate pace with persistence in a vocational setting; the individual can perform simple tasks for two hour blocks of time with normal rest breaks during an eight hour workday," the ALJ does not explain, in accordance with SSR 96-8p, how the ALJ arrived at this particular finding and how such relates to the moderate CPP limitation previously found at an earlier step. (Tr. 399). While the ALJ does include a lengthy summary of treatment notes, statements as to CPP relevant to the RFC are conclusory. The ALJ does not discuss how she determined that Plaintiff could stay on task for two hour increments, as opposed to one hour increments or three hour increments.[4] *Morgan v. Saul*, No. CV 9:19-1390-BHH-BM, 2020 WL 3318630, at *3 (D.S.C. June 3, 2020), *report and recommendation adopted*, 2020 WL 3316089 (D.S.C.

---

[4] Further, there is no opinion in the record here by any physician, whether non-examining, examining, or treating as to any specific two hour period delineation, upon which the ALJ could rely. There are no non-examining state agency consultant opinions generally as to mental impairments. Opinions generally as to CPP are of the following extent: As to Plaintiff's ability to maintain concentration/attention, Dr. Warren opined "poor to none," Ms. Minnick opined "fair," and Dr. Davis opined "poor to none." (Tr. 327, 330, 333). Dr. Loring opined: "His ability to consistently successfully complete tasks at an adequate pace with persistence on the job is most likely compromised given his described anxiety, panic attacks, and depression." (Tr. 353). Given these opinions in the record, it is also unclear whether substantial evidence supports the ALJ's finding that Plaintiff could persist in a normal workday/at two hour intervals with the previously found moderate CPP limits.

9

June 18, 2020);*Woods v. Berryhill*, 888 F.3d at 686, 694 (4th Cir. 2018) ["[T]he ALJ must both identify evidence that supports his conclusion and build an accurate and logical bridge from the evidence to his conclusion"], *citing Monroe*, 826 F.2d at 189 (internal quotations omitted); *Pearson v. Saul*, No. CV 9:19-1215-DCC-BM, 2020 WL 1644616, at *4 (D.S.C. Feb. 28, 2020), *report and recommendation adopted*, 2020 WL 1640318 (D.S.C. Apr. 1, 2020). It is not clear whether substantial evidence supports the ALJ's findings. The court cannot meaningfully review the ALJ's decision here where the court is left to guess how the ALJ arrived at the conclusion of the two hour increment limitation.

As to Plaintiff's argument that two hour increment RFCs, even if supported by substantial evidence and a reasonable explanation, could not provide an accommodation for moderate limitations in CPP because it equates to a normal workday,[5] an ALJ's finding of a normal workday in addition to other limitations may not be error under *Mascio* as long as supported by substantial evidence in the record, such as a physician finding the same. *See Shinaberry v. Saul*, 952 F.3d 113, 121-123 (4th Cir. 2020)(finding an RFC of only simple, routine, and repetitive tasks without any hour increment findings accounted for claimant's moderate CPP limitations where the ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants and Dr. Burlingame, as well as Shinaberry's adult function report, and sufficiently explained" why the RFC accounted for moderate CPP limitations); (ECF No. 25 at 9); *Norris-Gremillion v. Saul,* No. 9:19-CV-917-TMC, 2020 WL 6737669, at *3-4 (D.S.C. Nov. 17, 2020)(discussing an ALJ's reliance on two opinions of two hour limitation and finding no *Mascio* error).  Remand here should not be read to be based on this part of Plaintiff's argument.

The court looks to whether the ALJ explained in the RFC narrative the reasons for the specific

---

[5] *See* SSR 96–9p.

limitations given in the RFC and any explanation regarding how such determination accounts for the previously found limitations in concentration, persistence, and pace. *Mascio*, 780 F.3d at 638. The court finds the ALJ's discussion of Plaintiff's limitations are insufficient because without the ALJ's explanation as to the two hour delineation, the court is left to guess how the ALJ determined the RFC finding. *See Mascio*, 780 F.3d at 637. Further, the ALJ does not explain his reasoning or what information supports two-hour increments. There may be substantial evidence to support the ALJ's findings and conclusions; however, the court is unable to conduct a proper review as presented.

The case is remanded for the ALJ to explain how the RFC accounts for limitations in concentration, persistence, and pace. The decision should make clear that the ALJ considered Plaintiff's limitations in concentration, persistence, and pace and provide substantial evidence underlying the ALJ findings. It does not do so here, and thus precludes this court from meaningful review. In light of the court's finding that this matter should be remanded for further consideration, the court need not address Plaintiff's remaining issues. *See Boone v. Barnhart*, 353 F.3d 203, 211 n.19 (3d Cir. 2003) (remanding on other grounds and declining to address claimant's additional arguments). However, upon remand, the ALJ should address all of Plaintiff's remaining issues and evaluate those in accordance with the applicable law, regulations, and policies.[6]

---

[6] The Commissioner should fully evaluate whether the multitude of opinions here are in fact supportive and consistent with each other. *See also Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 385 (4th Cir. 2021) and *Arakas v. Comm'r of Soc. Sec. Admin.*, 983 F.3d 83, 107 n.16 (4th Cir. 2021). The ALJ noted that Dr. Davis, Dr. Warren, Ms. Minnick, and Plaintiff's allegations were all generally consistent but found "the record as a whole does not fully support" their opinions of functioning. (Tr. 402). Later, the ALJ found that the opinions deserved "some weight;" the ALJ then stated the opinions deserved "great weight" in general because they included functional limitations regarding mental conditions. (Tr. 408). Finally, one sentence later, the ALJ found the opinions deserved "little weight" overall. (Tr. 408).

## CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), the Commissioner's decision is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

|  |  |
|---|---|
| September 14, 2021<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |